Harvey A. Strickon, Esq.
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:     (212) 318-6380
Facsimile:     (212) 230-7689

*Attorneys for Summit Glory Property LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
: 
In re:                                                             :     Chapter 7
                                                                   :
LFH Food Hall Operating, LLC,                                      :     Case No. 22-22041 (SHL)
                                                                   :
              Debtor.                                              :
                                                                   :
EIN: 38-4090429                                                    :
                                                                   :
----------------------------------------------------------------------x

**NOTICE OF REMOVAL OF**
**STATE COURT CIVIL ACTION TO BANKRUPTCY COURT**

**TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN THE STATE COURT CIVIL ACTION HEREBY REMOVED, THE CLERK OF THE STATE COURT, AND THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

      **PLEASE TAKE NOTICE** that Summit Glory Property LLC (the "Summit Glory")

submits this Notice of Removal in accordance with Rule 9027 of the Federal Rules of

Bankruptcy Procedure, 11 U.S.C. § 1452(a), and 28 U.S.C. § 157(a), and respectfully represents

as follows:

      1.     An involuntary chapter 7 petition was filed against the above-captioned debtor

(the "Debtor") on January 31, 2022 (the "Chapter 7 case"), which bankruptcy case is now

pending before the United States Bankruptcy Court for the Southern District of New York. The

Chapter 7 case is designated as Case No. 22-22041 (SHL).

2.      At the time of the commencement of the Chapter 7 case, a state court civil action

(the "Civil Action") entitled *Summit Glory Property LLC v. LFH Food Hall Operation, LLC* was

pending before the Civil Court of the City of New York, County of New York: Non-Housing

Part 52 (the "State Court"). The Civil Action is designated as Case No. LT-300566-22/NY. The

Civil Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of

Removal with the State Court, was still pending before the State Court.

3.      This Notice of Removal is accompanied by a copy of process and pleadings in the

Civil Action in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure.

The term "pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure. Copies of the

above-mentioned process and pleadings are to be filed contemporaneously with the filing of this

Notice of Removal.  If additional documents relating to the Civil Action are required, Summit

Glory will submit such documents.

4.      The Civil Action, including all claims and causes of action asserted therein, is a

Civil Action other than a proceeding before the United States Tax Court and is not a civil action

by a governmental unit to enforce such governmental unit's police or regulatory power. The

Civil Action was initiated prior to the commencement of the Chapter 7 case.

5.      The Civil Action is a civil proceeding related to the Chapter 7 case. The

Bankruptcy Court presiding over the Chapter 7 case, pursuant to the general reference with

respect to Title 7 cases in the Southern District of New York and 28 U.S.C. § 157, has

jurisdiction of each and every cause of action asserted in the Civil Action under 28 U.S.C. § 1334.

The Civil Action seeks a judgment awarding Summit Glory possession of real property owned

by Summit Glory that the Debtor previously leased and currently holds over in, a warrant of

eviction for the same, and an award of monetary damages. All such claims and causes of actions

have a clear and direct impact on property of the estate under 11 U.S.C. § 541. Resolution of the claims asserted in the Civil Action will significantly affect the administration of the estate and would involve the allowance or disallowance of the claims against the estate, counterclaims by the Debtor, attempts to obtain property of the estate, and proceedings affecting the liquidation of assets of the estate and the adjustment of the debtor/creditor relationship and the equity security holder relationship. Summit Glory consents to the entry of final orders or judgments by the bankruptcy court.

6.      No order for relief has yet been entered in the Chapter 7 case, so this Notice of Removal is obviously filed less than ninety (90) days after the order for relief in the Chapter 7 case. As mentioned above, the Civil Action was pending when the Chapter 7 case was commenced. Each claim and cause of action in the Civil Action is related to the Chapter 7 case. Removal of each claim and cause of action of the Civil Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, 1334 and 157 and the General Order of the District Court for the Southern District of New York referring bankruptcy matters to the United States Bankruptcy Court for the district. Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure.

**NOW THEREFORE**, all parties to the Civil Action pending in the State Court as Case No. LT-300566-22/NY, are HEREBY NOTIFIED pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the Civil Action and all claims and causes of action therein was

effected upon the filing of a copy of this Notice of Removal with the Clerk of the

State Court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy

Procedure. The Civil Action is removed from the State Court to the bankruptcy

court presiding over the Chapter 7 case. The parties to the Civil Action shall

proceed no further in the State Court unless and until the action is remanded by

the bankruptcy court.

Dated: February 4, 2022
      New York, New York

*/s/ Harvey A. Strickon*

Harvey A. Strickon
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6380
Facsimile:    (212) 230-7689
harveystrickon@paulhastings.com

*Attorneys for Summit Glory Property LLC*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52

-----------------------------------------------------------------X

SUMMIT GLORY PROPERTY LLC,                          :

              *Petitioner-Landlord,*          :          L&T Index No._____/2022

    - against -                                    :

                               :

LFH FOOD HALL OPERATING, LLC,                       :          **PETITION**
                               :          **COMMERCIAL HOLDOVER**

              *Respondent-Tenant,*          :

      - and -                                      :

"ABC CORP." and "XYZ INC."                          :

       *Respondents-Undertenants.*        :

Address:  28 Liberty Street a/k/a 28 Liberty         :          Petitioner's Business Address:
          A portion of the ground floor retail and   :          c/o Paul Hastings LLP
          Lower Level 1                            :          200 Park Avenue
          New York, New York 10005                 :          New York, New York 10166

                               :

-----------------------------------------------------------------X

     The Petition of SUMMIT GLORY PROPERTY, LLC , by its attorneys, Paul Hastings LLP, states as follows:

     1.      Petitioner, SUMMIT GLORY PROPERTY LLC ("Petitioner"), a Delaware limited liability company, is the landlord of a portion of the ground floor retail and Lower Level 1 (the "Subject Premises") located at 28 Liberty Street, New York, New York (the "Building") which is the Subject Premises sought to be recovered in this proceeding and which are described more fully in paragraph 4 below.

     2.      Respondent, LFH FOOD HALL OPERATING, LLC ("Respondent"), was the tenant of the Subject Premises who entered into possession thereof under a written lease between Petitioner, as landlord and Respondent, as tenant, dated as of December 31, 2018 (the "Original Lease"), which Original Lease was amended pursuant to the First Amendment of Lease dated March 31, 2020 (the "First Amendment" and, together with

the Original Lease, the "Lease"). Copies of the Original Lease and the First Amendment are attached hereto as Exhibits 1 and 2, respectively, and are made a part hereof. Respondent continues to occupy the Subject Premises as a holdover tenant after expiration of the Lease.

3.      Respondents-Undertenants "ABC CORP." and "XYZ INC." are the under-tenants, if any, of Respondent. Collectively Respondent, "ABC CORP." and "XYZ INC." are sometimes hereinafter referred to as "Respondents".

4.      The premises sought to be recovered in this proceeding are described as follows:

A portion of the ground floor and lower level 1 of 28 Liberty Street, New York, New York (the 'Building'), substantially as shown the diagonal lined area on the floor plans annexed hereto as Exhibits A-1 and A-2 (herein, the 'Demised Premises'), together with the non-exclusive right to use, in common with others, the public and common areas of the Building, to the extent required for access to the Demised Premises or use and occupancy of the Demised Premises for the uses permitted under the Lease, including, without limitation, the Building's lobby, public elevators, public stairways, and exterior sidewalks to the extent any or all of the foregoing are designated by Landlord for the common use of tenants and others, which is located within the territorial jurisdiction of the Civil Court, County of New York.

5.      Respondent's right to occupy the Subject Premises expired on December 31, 2021, for all of the reasons set forth in the Notice of Termination and Cancellation of Tenancy and Intention to Recover Possession (hereinafter, the "Termination Notice") dated December 20, 2021. (A copy of the Termination Notice, with proof of service, is annexed hereto as Exhibit 3 and made a part hereof).

6.      Simultaneously with the service of the Termination Notice, Respondent was served with a Tenant Hardship Declaration (the "Second Hardship Declaration Form"). See Exhibit 3. Tenant has not responded to the Second Hardship Declaration Form.

7.      Respondent continues in possession of the Subject Premises without permission of Petitioner, after the expiration of said term.

8.      This is an expiration of lease holdover proceeding to remove Respondents from possession of the Subject Premises pursuant to Section 711(1) of the Real Property Actions and Proceedings Law.

2

9.      Prior to the commencement of this proceeding Respondent was served with a written five (5) business day Notice to Cure Default dated December 8, 2021 regarding Respondent's monetary default. Simultaneously with the service of the Notice to Cure Default, Respondent was served with a Tenant Hardship Declaration (the "First Hardship Declaration Form"). (A copy of the Notice to Cure Default and the First Tenant Hardship Declaration Form, with proof of service, is annexed hereto as Exhibit 4 and made a part hereof). Tenant has not responded to the First Hardship Declaration Form.

10.     Respondent failed to cure said monetary default and at least five (5) days prior to commencement of this proceeding, Respondent was served with the Termination Notice which stated that Petitioner terminated Respondent's tenancy at the Subject Premises as of December 31, 2021 based upon the failure to cure its monetary default, and that unless the Respondent quit, vacated, and removed themselves from the Subject Premises on or before December 31, 2021, the day on which said Termination Notice expired, Petitioner would commence summary proceedings to remove Respondents from the Subject Premises.

11.     The Subject Premises are not subject to the City Rent Law (rent control) or the Rent Stabilization Law of 1969, as amended, because at all relevant times the Subject Premises were designated, and are actually used, solely for commercial business purposes.

12.     The Subject Premises is not located in a multiple dwelling

13.     Petitioner lacks written information or notice of any address where the Respondents reside or are employed/have a place of business in New York State other than the address of the Subject Premises sought to be recovered in this proceeding; and the notice address specified for the Tenant in the Lease: LFH Food Hall Operating, LLC, 1133 Westchester Ave., S-221, White Plains, New York 10604, Attention: Kenneth S. Lazar with a copy to Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018, Attention: Adrian Zuckerman, Esq. and Miles M. Borden, Esq..

14.     Under the terms of the Lease, Respondent agreed to pay $349,493.75 per month in fixed rent, plus additional rent totaling at least $ 24,718.43 (including $19,513 per month as an operating payment; plus real estate taxes of approximately $5,205.43 per month (i.e., $31,232.62 every six months)), for the use of the Subject Premises. Respondent is in arrears in the payment of rent and additional in the amount of $6,493,072.15 through December 1, 2021.

15.     No monies for the payment of rent and/or use and occupancy have been received or accepted after December 1, 2021. The fair market use and occupancy of the Subject Premises is at the rate of $374,212.18 ($349,493.75 plus $24,718.43) per month, as per the terms of the Lease.

3

16.     Petitioner is entitled to a money judgment for all unpaid rent, use and occupancy, costs, disbursements, and attorneys' fees.

**WHEREFORE**, Petitioner requests judgment awarding possession of the Subject Premises to Petitioner, issuance of a warrant of eviction to remove Respondent from possession of the Subject Premises, judgment for the fair market value of Respondent's use and occupancy of the Subject Premises through the date Respondent surrenders the Subject Premises, or legal possession of the Subject Premises is transferred to Petitioner, $6,493,072.15 as and for rent and additional rent due and owing through December 1, 2021, and attorneys' fees in the sum of at least $10,000.00, and the costs and disbursements of this proceeding.

Dated: New York, New York
        January 11, 2022

                                SUMMIT GLORY PROPERTY LLC
                                *Petitioner*

                                _____
                                TOM COSTANZO

## VERIFICATION

STATE OF NEW YORK ) 
                                   ) ss.:
COUNTY OF )

TOM COSTANZO, being duly sworn deposes and says:

1.     I am the Executive President of SUMMIT GLORY PROPERTY LLC , the Petitioner in the within holdover proceeding pursuant to Articles 19 and 20 of the Lease.

2.     I have read the foregoing Petition and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

3.     This verification is made by deponent because Petitioner is a limited liability company.

                                          TOM COSTANZO

Sworn to before me this
_11_ day of January, 2022

Notary Public

KEVIN J JOHNSON
Notary Public-State of New York
No. 01JO6024137
Qualified in Bronx County
Commission Expires May 03 2023

KEVIN J JOHNSON
NOTARY
NO. 01JO6024137
QUALIFIED IN
BRONX COUNTY
COMM. EXP.
05-03-2023
PUBLIC
STATE OF NEW YORK

5

C E R T I F I C A T I O N

I hereby certify that to the best of my knowledge and upon information and belief

formed after an inquiry reasonable under the circumstances, the within Notice of Petition

and Petition and the contentions therein, are not frivolous, as that term is defined in

NYCRR Rule 130-1.1-a.

Dated: New York, New York
       January 11, 2022

                             PAUL HASTINGS LLP

                             BY: _____
                                JODI KLEINICK

7

CIVIL COURT OF THE CITY OF NEW YORK
County of New York

SUMMIT GLORY PROPERTY LLC

-against-

LFH FOOD HALL OPERATING, LLC

COVID-19 HARDSHIP DECLARATION
AFFIDAVIT (COMMERCIAL)

State of New York
County of New York

I, Tom Costanzo _____, state the following under the penalties of perjury:

1. I am the petitioner in this proceeding, or an agent of the petitioner.

2. On 12/08/21 _____ (date), I served a copy of the Covid-19 Hardship
Declaration, in English (and in the respondent's primary language, which is
English _____) on the respondent in this proceeding, along with a rent demand or other
required preliminary notice, in the following manner:
personal delivery

3. This proceeding is permitted to go forward pursuant to Chapter 417 of the Laws of 2021
because

[✔] At the time when this proceeding is filed, neither the petitioner nor any agent of the petitioner
has received a Hardship Declaration from the respondent, or from any other tenant or occupant of
the dwelling unit that is the subject of this proceeding.

OR

[ ] The respondent or another tenant or occupant of the dwelling unit that is the subject of this
proceeding has returned a hardship declaration, but the respondent is persistently and unreasonably
engaging in behavior that substantially infringes on the use and enjoyment of other tenants or
occupants or causes a substantial safety hazard to others, by the following specific behavior:

_____

OR

[ ] The respondent or defendant has returned a hardship declaration, but the petitioner or plaintiff
believes in good faith that the hardship certified in the hardship declaration does not exist.

_____
(Name)

Sworn to before me this
14th day of JANUARY, 2022

DON ANTONIO R LETANG
Notary Public - State of New York
NO. 01LE6265051
Qualified in Nassau County
My Commission Expires Jul 23, 2024

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52
-------------------------------------------------------------------X
SUMMIT GLORY PROPERTY LLC ,                          :

                  *Petitioner-Landlord,*          :    L&T Index No._____/2022

      - against -                                     :

LFH FOOD HALL OPERATING, LLC                         :

               *Respondent-Tenant,*           :

        - and -                                        :

"ABC CORP." and "XYZ INC.",                          :

          *Respondents- Undertenants.*    :

Address: 28 Liberty Street a/k/a 28 Liberty             :
        A portion of the ground floor and Lower     :
        Level 1                                          :
        New York, New York 10005                     :
                             :

-------------------------------------------------------------------X

## PETITION – COMMERCIAL HOLDOVER

PAUL HASTINGS, LLP
*Attorneys for Petitioner/Landlord*
200 Park Avenue
New York, New York 10166
(212) 318-6751

6

**Exhibits to the Commercial Holdover Petition Are Omitted**


**Omitted Exhibits Will be Furnished on Request**

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK: NON-HOUSING PART 52**

SUMMIT GLORY PROPERTY LLC,

                        Petitioner-Landlord,

      - against -

LFH FOOD HALL OPERATING, LLC,

                     Respondent-Tenant,

      - and -

"ABC CORP." and "XYZ INC."

               Respondents-Undertenants.

Address:      28 Liberty Street a/k/a 28 Liberty
               Portion of the ground floor retail and Lower
               Level 1
               New York, New York 10005

Index No. L&T _____

**Notice of Holdover**
**Petition** – COMMERCIAL

Petitioner Business Address:

c/o Paul Hastings LLP
200 Park Avenue
New York, New York 10166

**Your landlord is suing you for eviction.**

1. Your landlord has started a holdover eviction case against you.  That means the landlord says you should be evicted for a reason other than not paying your rent.  The landlord's reasons are given in the attached Petition.

2. Your landlord is asking this Court for:

   - permission to evict you from your home/commercial premises at

| Address or description of the premises | 28 Liberty Street a/k/a 28 Liberty Portion of the ground floor retail and Lower Level 1 New York, New York 10005 |
|---|---|

   - and a money judgment for **$6,493,072.15** plus interest from December 1, 2021.

3. You must come to the Civil Court:

   Date: _____      Time: _____
   Address:  111 Centre Street
                  New York_____, New York 10013
   Room/Part: _____

   *Warning!* If you don't come to court at this date and time, a judgment may be entered against you.  If that happens, the landlord will have the right to evict you.  You have a right to postpone the case for 14 days, but you have to come to court to ask for that.

4. In court, you may tell the judge the legal reasons that you should be allowed to stay in your home/commercial premises.  The legal reasons are called defenses.  You can also say any claims

LEGAL_US_E # 160359652.1

you have against the landlord.  You will have to prove your defenses and claims in court.  You can also give your Answer in writing.

Information to help you Answer the Petition is available online at nycourts.gov/housingnyc.
*Important!* If you don't tell the Clerk about a defense in your Answer you might not be able to talk about it later in this case or any other case.

5. If your name is not on this Notice but you live in the home listed above and/or are in possession of the commercial premises listed above, you have a right to come to Court on the court date and tell the judge the legal reasons that you should be allowed to stay in the home/commercial premises.

6. **Available Resources**:

- **Legal Help**: Under New York City law, you may be able to get a free lawyer to represent you in this case.  Call 718-557-1379 or go to nycourts.gov/nyc-freelawyer for information about getting free legal help.  If you have money to hire a lawyer, you can contact the New York City Bar Legal Referral Service at 212-626-7373.
- **Language Help**: If you don't speak English well or are deaf or hard of hearing, you have a right to a free interpreter.  Tell the Court Clerk you need an interpreter or call 646-386-5670.  To read a translation of this Notice in another language visit: nycourts.gov/housingnyc.  For information on evictions:

---

**646-386-5750**: Informations concernant les expulsions • বেদখলের তথ্য • 驱离租屋相关信息
迫遷相關資訊 • Информация о выселении • معلومات بشأن حالات الطرد
• Enfòmasyon Konsènan Degèpisman • información sobre desalojos
معلومات کی دخلیوں ہے

---

- **ADA Help**: If you need a special accommodation to use the court because of a disability, call 646-386-5300 or 711 (TTY) or tell a Court Clerk.
- **Financial Help**: If you owe the rent and don't have the money, contact HRA's Infoline at 718-557-1399 for more information about getting help to pay the rent.
- **Help at the Courthouse**: There is a Help Center in the courthouse where you can speak to a Court Attorney or a Volunteer Lawyer.
- **Online Help**: Visit the Housing Court's website at: nycourts.gov/housingnyc (also available in Spanish and Chinese) or visit LawHelpNY at: lawhelpny.org.

---

**Postponements and Rent Deposits**.  In court, you can ask to postpone your case.  You have a right to postpone the case for at least 14 days.  If your case is not finished in 60 days or you ask to postpone the case again, the court can order you to deposit money in court or make a rent payment to the landlord.  If you don't do this, your case may go to trial right away.  RPAPL Sec. 745.

**After Judgment**.  If the court orders a judgment against you after a trial, the court may give you time to move.  After that time is up, you will get a Notice of Eviction from a Marshal giving you at least 14 days to leave.  If you don't leave, you will be evicted by the Marshal.  RPAPL Sec. 749(2).

---

City of New York, County of New York
Dated:
Clerk of the Civil Court of the City of New York: _____

Petitioner or Attorney for Petitioner:        Paul Hastings, LLP (Jodi Kleinick, Esq.)

Address:                                    200 Park Avenue, New York, NY 10166

Telephone No.                               (212) 318-6751

NOTICE TO RESPONDENT TENANT


DURING THE CORONAVIRUS EMERGENCY,
YOU MIGHT BE ENTITLED BY LAW TO SPECIAL
DEFENSES AND PROTECTIONS RELATING TO
EVICTIONS.

PLEASE CONTACT YOUR ATTORNEY
IMMEDIATELY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY, PLEASE
CALL

**718-557-1379**

OR VISIT

**www.nycou:rts.gov/evictions/nyc/**

# AVISO A INQUILINO DEMANDADO

DURANTE LA EMERGENCIA POR CORONA VIRUS, PUEDA QUE POR LEY USTED TENGA DERECHO A DEFENSAS Y PROTECCIONES ESPECIALES RELACIONADAS CON DESALOJOS.

POR FAVOR COMUNIQUESE CON SU ABOGADO INMEDIATAMENTE PARA OBTENER MAS INFORMACI6N.

SI NO TIENE ABOGADO, LLAME AL

718-557-1379

O VISITE

**www.nycourts.gov/evictions/nyc/**

CIVIL COURT OF THE CITY OF NEW
YORK COUNTY OF NEW YORK: NON-HOUSING PART 52

-------------------------------------------------------------------------X

SUMMIT GLORY PROPERTY LLC,                          :

                            *Petitioner-Landlord,*      :    <u>L&T Index No. _____/2022</u>

                      - against -                          :

LFH FOOD HALL OPERATING, LLC                        :

                              *Respondent-Tenant,*       :

                      - and -                          :

"ABC CORP." and "XYZ INC.",                         :

                             *Respondents-*
                             *Undertenants.*

                                         :

Address:    28 Liberty Street a/k/a 28 Liberty        :
              A portion of the ground floor retail and  :
              Lower Level 1
              New York, New York 10005                  :

-------------------------------------------------------------------------X

---

## NOTICE OF PETITION -- COMMERCIAL HOLDOVER

---

PAUL HASTINGS LLP
*Attorneys for Petitioner/Landlord*
200 Park Avenue
New York, New York 10166
(212) 318-6751

22-22041-shl    Doc 3    Filed 02/04/22    Entered 02/04/22 15:09:45    Main Document
Pg 19 of 25

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK: NON-HOUSING PART 52**

---

SUMMIT GLORY PROPERTY LLC,

                        Petitioner-Landlord,

        - against -

LFH FOOD HALL OPERATING, LLC,

                        Respondent-Tenant,

        - and -

"ABC CORP." and "XYZ INC."

                    Respondents-Undertenants.

Address:      28 Liberty Street a/k/a 28 Liberty
               Portion of the ground floor retail and Lower
               Level 1
               New York, New York 10005

---

Index No. L&T _____

**Notice of Holdover**
**Petition** – COMMERCIAL

Petitioner Business Address:

c/o Paul Hastings LLP
200 Park Avenue
New York, New York 10166

**Your landlord is suing you for eviction.**

1.  Your landlord has started a holdover eviction case against you.  That means the landlord says you should be evicted for a reason other than not paying your rent.  The landlord's reasons are given in the attached Petition.

2.  Your landlord is asking this Court for:

- permission to evict you from your home/commercial premises at

| Address or description of the premises | 28 Liberty Street a/k/a 28 Liberty Portion of the ground floor retail and Lower Level 1 New York, New York 10005 |
| --- | --- |

- and a money judgment for **$6,493,072.15** plus interest from December 1, 2021.

3.  You must come to the Civil Court:

Date: **Feb. 8, 2022**     Time:  **9:30AM**
Address:  111 Centre Street
           New York           , New York 10013
Room/Part:      **772 / 52**

<span style="color:red">This notice is to inform you that your case is scheduled for a conference with the court on February 8, 2022 at 9:30AM in Part 52, Room 772. You can attend this appearance in person or virtually.
Virtually attend by: Microsoft Teams meeting Link: https://notify.nycourts.gov/meet/0kq4r3
Conference Call #: (347) 378-4143
Toll-free #: (833) 262-7886
Conference ID: 740 515 20#
For instructions, go to https://nycourts.gov/appear</span>

***Warning!*** If you don't come to court at this date and time, a judgment may be entered against you.  If that happens, the landlord will have the right to evict you.  You have a right to postpone the case for 14 days, but you have to come to court to ask for that.

4.  In court, you may tell the judge the legal reasons that you should be allowed to stay in your home/commercial premises.  The legal reasons are called defenses.  You can also say any claims

LEGAL_US_E # 160359652.1

you have against the landlord. You will have to prove your defenses and claims in court. You can also give your Answer in writing.

Information to help you Answer the Petition is available online at nycourts.gov/housingnyc. *Important!* If you don't tell the Clerk about a defense in your Answer you might not be able to talk about it later in this case or any other case.

5. If your name is not on this Notice but you live in the home listed above and/or are in possession of the commercial premises listed above, you have a right to come to Court on the court date and tell the judge the legal reasons you should be allowed to stay in the home/commercial premises.

6. **Available Resources**:

- **Legal Help**: Under New York City law, you may be able to get a free lawyer to represent you in this case. Call 718-557-1379 or go to nycourts.gov/nyc-freelawyer for information about getting free legal help. If you have money to hire a lawyer, you can contact the New York City Bar Legal Referral Service at 212-626-7373.
- **Language Help**: If you don't speak English well or are deaf or hard of hearing, you have a right to a free interpreter. Tell the Court Clerk you need an interpreter or call 646-386-5670. To read a translation of this Notice in another language visit: nycourts.gov/housingnyc. For information on evictions:

> **646-386-5750**: Informations concernant les expulsions • বেদখলের তথ্য • 驱离租屋相关信息 迫遷相關資訊 • Информация о выселении • معلومات بشأن حالات الطرد • Enfòmasyon Konsènan Degèpisman • información sobre desalojos • معلومات کی دخلیوں ہے

- **ADA Help**: If you need a special accommodation to use the court because of a disability, call 646-386-5300 or 711 (TTY) or tell a Court Clerk.
- **Financial Help**: If you owe the rent and don't have the money, contact HRA's Infoline at 718-557-1399 for more information about getting help to pay the rent.
- **Help at the Courthouse**: There is a Help Center in the courthouse where you can speak to a Court Attorney or a Volunteer Lawyer.
- **Online Help**: Visit the Housing Court's website at: nycourts.gov/housingnyc (also available in Spanish and Chinese) or visit LawHelpNY at: lawhelpny.org.

> **Postponements and Rent Deposits**. In court, you can ask to postpone your case. You have a right to postpone the case for at least 14 days. If your case is not finished in 60 days or you ask to postpone the case again, the court can order you to deposit money in court or make a rent payment to the landlord. If you don't do this, your case may go to trial right away. RPAPL Sec. 745.
>
> **After Judgment**. If the court orders a judgment against you after a trial, the court may give you time to move. After that time is up, you will get a Notice of Eviction from a Marshal giving you at least 14 days to leave. If you don't leave, you will be evicted by the Marshal. RPAPL Sec. 749(2).

City of New York, County of New York
Dated:
Clerk of the Civil Court of the City of New York: _____

Petitioner or Attorney for Petitioner:        Paul Hastings, LLP (Jodi Kleinick, Esq.)

LEGAL_US_E # 160359652.1

Address:                              200 Park Avenue, New York, NY 10166

Telephone No.                         (212) 318-6751

NOTICE TO RESPONDENT TENANT

DURING THE CORONAVIRUS EMERGENCY,
YOU MIGHT BE ENTITLED BY LAW TO SPECIAL
DEFENSES AND PROTECTIONS RELATING TO
EVICTIONS.

PLEASE CONTACT YOUR ATTORNEY
IMMEDIATELY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY, PLEASE
CALL

**718-557-1379**

OR VISIT

**www.nycou:rts.gov/evictions/nyc/**

LEGAL_US_E # 160359652.1

AVISO A INQUILINO DEMANDADO

DURANTE LA EMERGENCIA POR CORONA VIRUS, PUEDA QUE POR LEY USTED TENGA DERECHO A DEFENSAS Y PROTECCIONES ESPECIALES RELACIONADAS CON DESALOJOS.

POR FAVOR COMUNIQUESE CON SU ABOGADO INMEDIATAMENTE PARA OBTENER MAS INFORMACI6N.

SI NO TIENE ABOGADO, LLAME AL

718-557-1379

O VISITE

**www.nycourts.gov/evictions/nyc/**

LEGAL_US_E # 160359652.1

CIVIL COURT OF THE CITY OF NEW
YORK COUNTY OF NEW YORK: NON-HOUSING PART 52

```
-----------------------------------------------------------------------X
SUMMIT GLORY PROPERTY LLC,                          :

                              Petitioner-Landlord,  :      L&T Index No. _____ /2022

              - against -                           :

LFH FOOD HALL OPERATING, LLC                        :
                                                    :
                                                    :
                              Respondent-Tenant,    :

              - and -                               :
                                                    :
"ABC CORP." and "XYZ INC.",                         :
                                                    :
                              Respondents-          :
                              Undertenants.         :
                                                    :
Address:   28 Liberty Street a/k/a 28 Liberty       :
           A portion of the ground floor retail and :
           Lower Level 1                            
           New York, New York 10005                 :
                                                    :
-----------------------------------------------------------------------X
```

---

## NOTICE OF PETITION -- COMMERCIAL HOLDOVER

---

PAUL HASTINGS LLP
*Attorneys for Petitioner/Landlord*
200 Park Avenue
New York, New York 10166
(212) 318-6751

# CIVIL COURT OF THE CITY OF NEW YORK
# COUNTY OF NEW YORK



Index No.    LT-300566-22/NY

---

**Summit Glory Property LLC**

**- v. -**

**LFH Food Hall Operating, LLC**

---

## COURT NOTICE

This notice is to inform you that your case is scheduled for a conference with the court on (February 8, 2022 at 9:30AM in Part 52, Room 772. You can attend this appearance in person or virtually.
Virtually attend by: Microsoft Teams meeting
Link: https://notify.nycourts.gov/meet/0kq4r3
Conference Call #: (347) 378-4143
Toll-free #: (833) 262-7886
Conference ID: 740 515 20#
For instructions, go to https://nycourts.gov/appear

DATED 01/19/2022                          FILED By Court Employee

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52

SUMMIT GLORY PROPERTY LLC,

|                       |                              |
|-----------------------|------------------------------|
| Petitioner-Landlord,  | Index No.: 300566/2022       |
| -against-             | AFFIDAVIT OF SERVICE         |

LFH FOOD HALL OPERATING, LLC,

Respondent-Tenant,
-and-

"ABC CORP." and "XYZ INC."

Respondents-Undertenants.

COUNTY OF ALBANY SS:
STATE OF NEW YORK

Jeffrey Teitel being duly sworn, deposes and says that he is over the age of eighteen years, is not a party to this action and is acting as agent of **METRO ATTORNEY SERVICE INC.**

That on the 19th day of January, 2022 at approximately the time of 11:30 AM at the office of the Secretary of State, of the State of New York, in the City of Albany, New York, deponent personally served the Notice of Holdover Petition – Commercial, Notice to Respondent Tenant, Petition Commercial Holdover, Court Notice of Conference and Notice of Electronic Filing on **LFH FOOD HALL OPERATING, LLC** by delivering and leaving with Amy Lesch, an agent of the Secretary of State, of the State of New York, two (2) true copies thereof and at the time of making such service deponent paid said Secretary of State a fee of forty dollars.  That said service was made pursuant to section 303 of the Limited Liability Company Law.

Deponent further states that he knew the person so served as aforesaid to be the individual on the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of the said defendant.

Amy Lesch is a white female, approximately 42 years of age, stands 5 feet 6 inches tall, weight approximately 175 pounds with blonde hair.

Sworn to before me this 19th day of
January, 2022

Ann M. Malone
Notary Public, State of New York
Qualified in Albany County
No. 01MA6410748
Commission Expires November 02, 2024

Jeffrey Teitel